**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-40815
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANGEL HERNANDEZ-SOTO,
also known as Elmer Antonio Gonzalez-Hernandez,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-128-01
- - - - - - - - - -

April 30, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Hernandez-Soto appeals the sentence imposed by the district court following his guilty-plea conviction of illegal reentry into the United States following deportation, a violation of 8 U.S.C. §§ 1326.  Hernandez challenges the characterization of his prior Texas conviction for possession of cocaine as an aggravated felony and the concomitant 16-level increase in his base offense level under by U.S.S.G. § 2L1.2(b)(2).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Hernandez did not make this argument in the district court, his sentence is reviewed for plain error.  See United States v. Rodriquez, 15 F.3d 408, 414 (5th Cir., 1994). Hernandez's argument is foreclosed by this court's opinion in United States v. Hinojosa-Lopez, 130 F.3d 691, 694 (5th Cir. 1997).  Hernandez's contention that the term "drug trafficking" as cited to by the Guidelines is unconstitutionally vague and does not provide notice that it applies to mere possession of drugs is unfounded.  United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1991).

Hernandez's appeal is frivolous.  See United States v. Arevalo-Sanchez, No. 98-20093 (5th Cir. Sept. 23, 1998) (unpublished), petition for cert. filed, No. 98-7384 (Dec. 18, 1998).  Accordingly, his appeal is DISMISSED.  See 5th Cir. R. 42.2.